JS 44 (Rev. 06/17) MMB **CIVIL COVER SHEET** 19-6091

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Renat Albekov | MRS BPO, LLC |

| (b) County of Residence of First Listed Plaintiff **Philadelphia County** | County of Residence of First Listed Defendant **Minnesota** |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Kalikhman & Rayz, LLC<br>1051 County Line Road, Suite "A"<br>Huntingdon Valley, PA 19006   Phone: (215) 364-5030 | |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692
Brief description of cause:
Violation of 15 U.S.C. § 1692

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE Hon. Michael Baylson
DOCKET NUMBER 2:19-cv-01197-MMB

DATE 12/11/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | DEC 24 2019 | | |

**19      6091**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Road, Suite A Huntingdon Valley, PA 19006

Address of Defendant: 1930 Olney Avenue Cherry Hill, NJ 08003

Place of Accident, Incident or Transaction: Philadelphia County

---

*RELATED CASE, IF ANY:*

Case Number: 2:19-cv-01197-MMB     Judge: Hon. Michael Baylson     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/11/2019 _____     _____     87976
                                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.      Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____ 15 U.S.C. § 1692 _____

*B.      Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)                    DEC 24 2019



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Albekov

v.

MRS BPO, LLC

CIVIL ACTION

**10**      6091

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

| | | |
|---|---|---|
| 12/11/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 24 2019

$400

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENAT ALBEKOV,<br><br>Plaintiff(s)<br><br>v.<br><br>MRS BPO, LLC d/b/a MRS Associates; and DOES 1 through 10, inclusive,<br><br>Defendant(s) | CIVIL ACTION COMPLAINT<br><br>19   6091<br><br>Civil Action No.<br><br>Jury Trial Demanded |

Renat Albekov ("Plaintiff"), alleges as follows:

## I.    INTRODUCTION

1.    This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2.    In effectuating the FDCPA, Congress sought to limit the tactics a debt collector could use.  Despite these plain truths, Defendant (defined herein) used inappropriate tactics to collect Plaintiff's debt.

3.    Upon information and belief, Defendant used these very same tactics across the Commonwealth of Pennsylvania against hundreds, if not thousands, of individuals who, fall within the ambit of the protections of the FDCPA.

4.    Absent this action, Defendant's inappropriate tactics would continue unabated.

## II.    THE PARTIES

5.    Plaintiff is an adult individual, who is currently a resident of the Commonwealth of Pennsylvania.

6.    Plaintiff is a "consumer," as that term is defined and/or contemplated within the

1

scope of FDCPA.

7.  Defendant MRS BPO, LLC d/b/a MRS Associates ("Defendant") is a business entity, organized under the laws of the State of New Jersey, that regularly conducts business in the Eastern District of Pennsylvania, and is engaged in the business of debt collection within the Commonwealth of Pennsylvania from its principal place at 1930 Olney Ave., Cherry Hill, NJ 08003.

8.  Indeed, on its own website, www.mrsbpo.com, Defendant provides the following description of itself:



See https://www.mrsbpo.com/home.html, last visited on March 20, 2019.

9.  Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

10.     Unless otherwise specified, Plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each Defendant.

11.     Defendant is a "debt collector," as that term is defined and/or contemplated within the scope of FDCPA.

12.     Defendant uses instrumentalities of interstate commerce and mail in a business, whose principal purpose is collection of debts and/or regularly collects (or attempts to collect), directly or indirectly, debts owed or due or asserted to be owed or due another.

13.     At all times material hereto, Defendant acted and/or failed to act in person and/or through duly authorized agents, servants, workmen, and/or employees, acting within the scope and course of their authority and/or employment for and/or on behalf of Defendant.

### III.     JURISDICTION AND VENUE

14.     This Honorable Court has jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

15.     The Eastern District of Pennsylvania is the proper venue for this litigation, because:

    a.      Plaintiff resides in Philadelphia County, which is in the territory of the Eastern District of Pennsylvania;

    b.      Defendant's wrongful conduct was directed to and was undertaken within the territory of the Eastern District of Pennsylvania; and

    c.      Defendant conducts a substantial portion of its business in the Eastern District of Pennsylvania.

### IV.     STATEMENT OF CLAIMS

#### A.     BACKGROUND

16.     On or about January 5, 2019, Defendant sent a letter to Plaintiff, seeking to collect

3

a balance of $5,056.93, incurred on a personal credit card for personal and household expenses. A true and correct copy of this document is marked and attached hereto as Exhibit "A."

17.     The letter at issue was the first letter Defendant sent to Plaintiff regarding this alleged debt.

18.     Plaintiff read the letter and did not believe that the amount was accurate.

19.     Therefore, he wanted to dispute the debt, but was unsure as to how to proceed.

20.     The FDCPA requires a mandatory initial notice to the consumer to serve as an informal dispute mechanism. See 15 U.S.C. § 1692g.

21.     Therefore, Defendant was required to include in the letter at issue a notice, which states, *inter alia*, that if Plaintiff disputes the debt or any part thereof, he must notify Defendant of this dispute in writing.

22.     This is significant, because only a written dispute triggers Defendant's obligation to provide Plaintiff with a verification of the debt. See Graziano v. Harrison, 950 F.2d 107, 112 (3rd Cir. 1991)(explaining that, for purposes of Section 1692g, "any dispute, to be effective, **must be** in writing. . . .")(emphasis supplied).

23.     Thus, in the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer must dispute a debt **in writing** under 15 U.S.C. § 1692g.

24.     Further, as held by the Third Circuit, "in order to comply with the requirements of § 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000).

25.     A debt collector, therefore, violates the FDCPA when the requisite notice is "overshadowed" or "contradicted by other portions of the communication." Graziano, 950 F.2d

4

at 111; <u>Wilson</u>, 225 F.3d at 354.

26.     The letter at issue begins with a request that Plaintiff seek to resolve the debt at

issue by providing various settlement options.

27.     The letter then invites Plaintiff to call Defendant, because "[p]ayment may be made

by calling 800-949-6794." Exhibit "A."

28.     The practical effect of this request to call Defendant is to discourage consumers

from disputing their debts in writing.

29.     Immediately below that statement, Defendant's letter continues with the following:

> **IMPORTANT CONSUMER INFORMATION**
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

30.     The above statement does not specify that the dispute must be in writing.

31.     Moreover, this statement, when construed with the sentences inviting the consumer

to call Defendant, creates a "reasonable probability that the least sophisticated debtor . . . would

be induced to overlook his statutory right to dispute the debt." <u>Graziano</u>, 950 F.2d at 111.

32.     A consumer reading this language could reasonably believe that a phone call would

be sufficient to preclude Defendant from assuming the debt to be valid.

33.     As described herein, Defendant's actions violated the applicable provisions of the

FDCPA, in that, Defendant's letter fails to effectively provide Plaintiff with the statutory notice,

required by Section 1692g, by "overshadowing" the required notice.

34.     Defendant's conduct, as alleged herein, is (and was) deliberate, intentional,

reckless, willful, and wanton.

35.     Defendant's conduct, as alleged herein, is unfair, misleading, deceptive, and

unconscionable.

36.     Plaintiff has been (and will continue to be) financially damaged due to Defendant's conduct, as set forth herein.

37.     Plaintiff has suffered and will continue to suffer actual damages due to Defendant's conduct, as set forth herein.

38.     As such, Plaintiff avers that Defendant's conduct, as described herein, was not limited to the circumstances described herein, but was, and is, habitual, systematic, ongoing, and unrelenting in Defendant's business model and practice.

39.     Plaintiff avers that the purpose of Defendant's behavior described herein (as well as their day-to-day business operation), is to deceive unsuspecting consumers, wherever and whenever possible, to achieve, *inter alia*, the objectives of obtaining additional revenue and profit for Defendant's business enterprise.

40.     Plaintiff avers that Defendant has utilized various methods calculated to confuse, mislead, distract, coerce, and convert consumers' funds for Defendant's benefit, by employing unethical business practices to secure pure financial gain and unjust financial enrichment.

41.     Plaintiff further states that Defendant's practices continue unabated, and will continue well beyond the end of this case, for which Defendants have and/or will reap hundreds of thousands of dollars in unearned ill-gotten gains from unsuspecting consumers.

42.     Irrespective of Plaintiff's actions, the aforementioned correspondence sent by Defendant to Plaintiff was false, misleading, and, at a minimum, in violation of the FDCPA.

## COUNT I
## FDCPA
### 15 U.S.C. §§ 1692e and 1692g

43.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

6

44.     As described herein, Defendant's failure to provide a timely and proper statutory notice of the initial communication is a *per se* violation of the FDCPA. See Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 324 (7th Cir. 2016)(explaining that the courts "have not extended the implicit materiality requirements of §1692e to reach claims under §1692g(a). . . .").

45.     As described herein, Defendant's letter does not comply with the FDCPA, because it creates the false impression that an oral dispute of the debt under Section 1692g is just as effective as the one made "in writing."

46.     Defendant's letter, therefore, is misleading, because it implies that the writing requirement for an effective dispute under Section 1692g is voluntary or optional. See Desantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2nd Cir. 2001)(explaining that a "debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]. . . .").

47.     Defendant's letter is also misleading, because it fails to advise a consumer of the proper method for exercising his or her rights to dispute the debt and seek its validation.

48.     Therefore, Defendant's actions with respect to its collection efforts violated, *inter alia*, 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. See Guzman v. HOVG, LLC, et al., 340 F.Supp.3d 526 (E.D.Pa. 2018); see also Henry v. Radius Global Solutions, LLC, et al., 2019 WL 266316 (E.D.Pa. 2019); Durnell v. Stoneleigh Recovery Associates, LLC, 2019 WL121197 (E.D.Pa. 2019).

49.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages in an amount to be determined at trial.

## V.     CLAIM FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

(a)     A Declaration that Defendant has violated the applicable provisions of the

FDCPA;

     (b)    An Order enjoining Defendant from any further violations of the FDCPA;

     (c)    Actual damages;

     (d)    Statutory damages;

     (e)    Attorneys' fees and costs; and

     (f)    Such other relief as the Honorable Court shall deem just and appropriate.

## VI.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: <u>December 11, 2019</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

Counsel for Plaintiff and the Class

**MRS**

Send Payment/Correspondence to:
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003
800-949-6794

Office Hours :
Monday - Thursday   9am - 9pm ET
Friday                        9am - 5pm ET



S-SFMRSA11
P9FM8T00208887 - 567302027 I17774
*Return Address :*
MRS BPO, L.L.C.
1930 OLNEY AVENUE
CHERRY HILL NJ 08003

RENAT ALBEKOV

January 5, 2019

| CREDITOR: CHASE BANK USA N.A. |
| CREDITOR ACCT#: |
| MRS ACCT#: |
| ACCOUNT BALANCE: $5,056.93 |

Dear RENAT ALBEKOV,

The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations. Resolving an overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable by presenting two options that will enable you to resolve your balance with CHASE BANK USA N.A.. We are not obligated to renew these offers.

Option 1: A monthly payment plan to pay the full balance of the account.

Option 2: You are eligible for a discount offer of $3,034.21. You pay only $3,034.21 in 1 PAYMENT that must be received in this office on or before 02/21/2019.

Payment may be made by calling 800-949-6794, mailing to the above address, or by using our online website at https://mrspay.webview.com. Make payments payable to CHASE BANK USA N.A.

Please contact us if you have any questions, wish to discuss other arrangements, or need additional time to respond to these offers. These offers do not affect your rights set forth below.

### IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

MRS BPO, L.L.C.
800-949-6794

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collector.

001CHSFPA